UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**TERRY WAYNE KING, II,**

   Petitioner,

v.                                                   **No. 4:25-cv-1254-P**

**ERIC GUERRERO, DIRECTOR,**
**TEXAS DEPARTMENT OF**
**CRIMINAL JUSTICE-CORRECTIONAL**
**INSTITUTIONS DIVISION,**

   Respondent.

## OPINION AND ORDER

Before the Court is the petition of Terry Wayne King, II, under 28 U.S.C. § 2254. Having considered the petition, the response, the record, and applicable authorities, the Court concludes that the petition must be **DENIED**.

## BACKGROUND

Petitioner is serving two concurrent life sentences following his convictions in Case No. 1588183R in the 371st District Court, Tarrant County, Texas, for injury to a child causing serious bodily injury and attempted aggravated kidnapping. ECF No. 14-71 at 6–9. He appealed, the convictions were upheld, and the case was remanded for a new punishment hearing because the appellate court determined that the trial court had erred in denying a motion to suppress photographs containing child pornography during the punishment phase of the trial. *King v. State,* 650 S.W.3d 241 (Tex. App.—Houston [1st Dist.] 2021), *aff'd in part,* 670 S.W.3d 653 (Tex. Crim. App. 2023). The Court of Criminal Appeals of Texas ("CCA") granted the State's petition for discretionary review and reversed the appellate court's decision as to the suppression issue, thus affirming the trial court and upholding the sentences. *King,* 670 S.W.3d 653. The United States Supreme Court

denied the petition for writ of certiorari. *King v. Texas*, 144 S. Ct. 386 (2023).

Petitioner filed a state application for writ of habeas corpus that the CCA denied without written order on the findings of the trial court and on the CCA's own independent review of the record. ECF No. 14-73.

## GROUNDS OF THE PETITION

Petitioner urges three grounds in support of his petition:

(1) He received ineffective assistance because his counsel represented him despite an actual conflict of interest, failed to challenge the indictment, and failed to present mitigating evidence during the punishment phase of the trial.

(2) The State violated his right to be free from unreasonable search and seizure.

(3) There was insufficient evidence to support his convictions.

ECF No. 1; ECF No. 13.

## APPLICABLE LEGAL STANDARDS

### A.    Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362,

2

405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Court of Criminal Appeals of Texas denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## B.    Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*, 466 U.S. at 697. "The likelihood of a different result must be substantial, not just conceivable," *Harrington*, 562 U.S. at 112, and a petitioner must prove that counsel's errors "*so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his

counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where the state court adjudicated the ineffective assistance claims on the merits, this Court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). "Unreasonable" is a substantially higher threshold than "incorrect." *Wooten v. Thaler*, 598 F.3d 215, 222 (5th Cir. 2010).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

Petitioner first alleges that counsel suffered from an actual conflict of interest but he fails to identify any facts to support his allegation. ECF No. 1 at 6–8.[1] As best the Court can tell, he asserts that a conflict existed by virtue of counsel "being an officer of the court and a government agent." *Id.* at 7.

To show a Sixth Amendment violation, Petitioner had to show that his attorney acted under an actual conflict and that such conflict adversely affected his representation. *Perillo v. Johnson*, 79 F.3d 441, 447 (5th Cir. 1996). A theoretical or speculative conflict is not enough; Petitioner must show that counsel was required to make a choice advancing his own interests or the interests of another client to Petitioner's detriment. *United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006); *Beets v. Scott*, 65 F.3d 1258, 1277 (5th Cir. 1995) (en banc). If counsel did not make a choice, the conflict remains hypothetical. *Garcia-Jasso*, 472 F.3d at 243.

---

[1] The page number references to the petition are to "Page __ of 22" reflected at the top right portion of the document on the Court's electronic filing system.

Petitioner raised this issue before the state habeas court, which found and concluded that he failed to establish any conflict of interest or conspiracy with the State. EF No. 14-71 at 160–61, 167. His allegations here are wholly conclusory and unsupported and fail to raise a proper ground for relief. *Miller*, 200 F.3d at 282; *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Moreover, Petitioner has made no attempt to rebut the presumption of the correctness of the state court's findings in this regard. He has not met his burden to proceed here. *Shinn v. Kayer*, 592 U.S. 111, 118 (2020) (petitioner must show that the state court's decision is so obviously wrong that its error lies beyond any possibility for fairminded disagreement).

 Petitioner next alleges that counsel rendered ineffective assistance in failing to file motions to quash the indictment and for an examining trial. ECF No. 1 at 7. Again, the allegations are wholly conclusory and unsupported. And, Petitioner has made no attempt to rebut the presumption of correctness of the state court's findings in this regard. ECF No. 14-71 at 161, 167–68. In any event, Petitioner would not have been entitled to an examining trial. *Texas v. Reimer*, 678 F.2d 1232, 1233 (5th Cir. 1982) (citing *Klechka v. State*, 429 S.W.2d 900, 901 (Tex. Crim. App. 1968) (return of an indictment terminates the right to an examining trial)). Nor has he shown that a motion to quash the indictment would have made any difference in the outcome of the case. *See, e.g., Brown v. Cain*, 337 F.3d 546, 549–50 (5th Cir. 2003) (no ineffective assistance where effect of successful motion to quash indictment would have been for the state to reindict the defendant on a charge with a more severe punishment). Counsel cannot have been ineffective as a result of refusal to file frivolous motions. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

Petitioner contends that counsel rendered ineffective assistance in failing to present mitigating evidence at the punishment phase of the trial. ECF No. 1 at 7–8. He refers specifically to the failure to call Dr. Daniel R. Altman to testify on his behalf. *Id.* at 7. As the State points out, the trial court made extensive findings regarding counsel's decision not to call Dr. Altman to testify. ECF No. 14-71 at 162–63, and concluded that Petitioner had failed to establish ineffective assistance of counsel

5

in this regard. *Id.* at 168. Clearly, the decision was strategic based on the facts of the case. Petitioner has made no attempt to rebut the correctness of the findings.

Finally, under his first ground, Petitioner alleges that counsel showed the jury a harmful slide during voir dire of Petitioner's previous conviction, citing 2 RR 22–25. ECF No. 1 at 8. He provides no further support for this contention. The trial court found that no such presentation had been made. ECF No. 14-71 at 163. The record citation Petitioner provides does not support the contention. ECF No. 14-3 at 22–25. Petitioner has failed to rebut the presumption of correctness of the finding.

In his second ground, Petitioner alleges that his Fourth Amendment right was violated when his cellphone was searched without warrant. ECF No. 1 at 10–11. The record reflects that the State provided an opportunity for full and fair litigation of this claim; accordingly, relief may not be granted here. *Stone v. Powell*, 428 U.S. 465, 494 (1976); *Janecka v. Cockrell*, 301 F.3d 316, 320–21 (5th Cir. 2002). To the extent Petitioner alleges that counsel rendered ineffective assistance in this regard, he has not overcome the presumption of correctness of the trial court's findings that, among other things, the search of the cellphone was performed pursuant to a search warrant and counsel's performance was not deficient. ECF No. 14-71 at 163–64.

In his third ground, Petitioner alleges that there was no evidence to support his convictions. ECF No. 1 at 12–13. He vaguely refers to his counsel's "failure to subject the state's case to adversarial testing" and "failure to investigate." *Id.* at 12. His allegations are wholly conclusory and unsupported and fail to state a claim. *Miller*, 200 F.3d at 282.

When insufficiency is raised, the Court considers whether, viewing the evidence "in the light most favorable to the prosecution, any rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). All credibility choices and conflicting inferences are resolved in favor of the verdict. *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999); *United States v. Nguyen*,

28 F.3d 477, 480 (5th Cir. 1994). Petitioner challenged the sufficiency of the evidence on direct appeal and his convictions were affirmed. *King*, 650 S.W.3d at 257–65. He has not shown, much less attempted to show, that the denial of this claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

## CONCLUSION

For the reasons discussed herein, all relief sought by Petitioner is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **3rd day of April 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE